UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **KEVIN ZEEFE,** | **CIVIL ACTION NO. 5:15-cv-303-KKC** |
| **Plaintiff,** | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **AMERICAN HERITAGE LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

This matter is before the Court on Defendant American Heritage Life Insurance Company's ("AHL") Motion to Dismiss. (DE 43). For the reasons set forth below the Court will grant Defendant's motion.

## I. BACKGROUND

AHL removed this action from Woodford Circuit Court on October 12, 2015. (DE 1.) Plaintiff Kevin Zeefe's ("Zeefe") state court complaint alleges that AHL wrongfully denied his disability claim, breached its duty of good faith, and wrongfully terminated his license to sell AHL insurance products. (DE 1-2.) In December of 2010, Plaintiff purchased an Individual Disability Income Policy from AHL, for whom Zeefe was then licensed to sell insurance products. (DE 1-2 at 5.) Plaintiff suffered a shoulder injury which required surgeries he claims left him incapable of working from November 2012 through May 2014. (DE 1-2 at 6.) Plaintiff filed a claim for disability benefits with AHL on November 1, 2012. (DE 1-2 at 6.) Benefits were paid under the AHL policy initially, but were denied thereafter. (DE 1-2 at 6.) On July 12, 2013, AHL terminated Plaintiff's license to sell its products. (DE 1-2 at 6.) Plaintiff claims AHL's actions constituted retaliation for a properly asserted claim

under his personal disability policy. (DE 1-2.) This conduct purportedly violated state and federal anti-retaliation laws. 42 U.S.C. § 2000e-3; KRS § 280(1).

## II. ANALYSIS

### A. STANDARD OF REVIEW

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true, but the factual allegations must "raise a right to relief above the speculative level." *Id.* at 555. The complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted). Failure to include plausible factual allegations for all material elements necessary for recovery warrants dismissal. *Id.*

### B. EXHAUSTION REQUIREMENT

With its motion, AHL only seeks dismissal of Zeefe's wrongful termination claims under the Kentucky Civil Rights Act ("KCRA"), KRS §344.280(1), and Title VII of the Federal Civil Rights Act, 42 U.S.C. §2000e-3. These state and federal statutes prohibit employer retaliation against employees that have asserted legally valid claims. *See* 42 U.S.C. §2000e-3; KRS §344.280(1). Kentucky courts have held that the same analysis is applicable to claims under Title VII and the KCRA. *See Jefferson Cnty. v. Zaring*, 91 S.W.3d 583, 590 (Ky. 2002).

AHL originally sought dismissal for lack of subject matter jurisdiction resulting from Zeefe's failure to exhaust administrative remedies. However, absent express legislative intent to the contrary, exhaustion is not a prerequisite to this Court's exercising jurisdiction. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Nonetheless, exhaustion of administrative remedies remains a prerequisite to bringing a retaliation claim. *See Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008) (internal citations omitted) ("As a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies.").

This is not a case where it would be "unduly harsh" to dismiss the Plaintiff's complaint; Plaintiff not only failed to exhaust his administrative remedies before bringing suit, but also has offered no evidence of an attempt to pursue such remedies since. *Compare Dickerson v. Associates Home Equity*, 13 Fed. Appx. 323, 324 (6th Cir. 2001) (citing *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir .2000) (claim made under Americans with Disabilities Act)). Likewise, this Court can find no evidence of, and the Plaintiff makes no argument for any grounds justifying waiver, estoppel or equitable tolling of the exhaustion requirement. *See Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir. 1998). Under these circumstances, exhaustion remains a condition precedent to filing a retaliation claim. *See* 42 U.S.C. §2000e-5(f)(1). Consequently, Plaintiff's failure to file a claim with the EEOC prevents him from stating a claim upon which relief could be granted.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion to Dismiss (DE 9) is **GRANTED**; and

2. Plaintiff's wrongful termination claim, (DE 1-2 at 8–9 ("COUNT III") is **DISMISSED WITH PREJUDICE**.

Dated April 20, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY